# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00216-JAD-BNW-1 |
| Plaintiff, | |
| v. | **ORDER** |
| ORLANDIS WELLS, M.D., | |
| Defendant. | |

On September 10, 2019, Defendant Dr. Orlandis Wells (Dr. Wells) filed a Motion for Return of Property. (ECF 13.) The Government responded on September 24, 2019, and Dr. Wells replied on September 26, 2019. (ECF Nos. 15 & 16.)

## **BACKGROUND**

This request arises as a result of a search warrant executed at Dr. Wells' office on August 22, 2019, which took place shortly after he was arrested for an alleged violation of 21 USC 841(a)(1) and (b)(1)(C). (ECF 1.) Several documents, money, and electronic devices were seized. A forfeiture claim accompanies these charges. (*Id.*) Dr. Wells requests the following items be returned:

1. Cellular Phone
2. Dell OptiPlex 7050 Computer ("Service tag" ending in J33PRPZ)
3. Apple Mac computer (model A148, serial number C02NH245FY0T)
4. $2,360 in cash and checks made payable to Dr. Wells and to the medical practice
5. Billing statements
6. IRS documents and Department of Employment statements
7. Any documents with passwords
8. Lease agreement
9. Lab statements

10. Patient files and business documents (hard copies):

11. State of Nevada and IRS files

(*See* ECF 13 at 2-3.) These seizures can be broadly classified into three groups: electronic devices, documents, and cash/checks.

The government responds it plans on returning the seized electronic devices once they have been imaged by the FBI. (ECF 15 at 3.) As to documents, the government represents that they contain evidence relevant to the criminal case but have made these available to Dr. Wells for inspection and copying. (ECF 15 at 4.) As to the cash/checks, the government contends that is subject to forfeiture. (*Id.*)

In his Reply, Dr. Wells thanks the government for their willingness to image the electronic devices but requests this court to provide a deadline by which the government is to do so. (ECF 16 at 2.) Dr. Wells seemingly abandons his request for the return of documents (probably based on his ability to inspect and copy), but insists that the cash/checks be returned as they are not "fruits of any criminal conduct, but rather, payment for services remembered and/or working capital." (*Id.*)

## **ANALYSIS**

At the outset, this court points out that meeting and conferring on this matter would have been ideal, as the bulk of the request has already been mooted through the government's response, indicating it plans to image the electronic devices and allow for the inspection and copying of documents. Likewise, additional information regarding the timing by which the government will finish imaging the electronic devices may have mooted any additional need to seek court intervention. The court strongly encourages Dr. Wells to do so in the future, and to allow sufficient time for the government to respond prior to filing a motion.

The court also points out that Dr. Wells filed a motion and a reply which provides no authority as to why the court should impose a deadline on the government to image the electronic devices or for the proposition that the court can return the cash/checks to him despite the fact that this is subject to a forfeiture claim. LCR 47-3 provides that failure "to include points and

authorities in support of the motion constitutes a consent to denying the motion." The court will deny any future motion on this basis should Dr. Wells not comply with the Local Rules.

As to the merits of the motion, the two remaining issues for this court to decide are whether the cash/checks need to be returned and whether to impose a deadline by which to have the government image the electronic devices.

"A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. Pro. 41(g). Usually, a Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband, the property is subject to forfeiture, or the government's need for the property as evidence continues. *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996). "When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). Dr. Wells does not allege that the seizure was unlawful. Instead, he claims that he has been aggrieved by the deprivation of this property. Given the criminal case is pending, he bears the burden of showing he is entitled to the property.

Dr. Wells does not provide any evidence to satisfy the burden he bears. In addition, it is well-settled that the federal government may defeat a Rule 41(g) motion by demonstrating that the property is subject to federal forfeiture. *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996). The cash/checks Dr. Wells requests be returned are subject to a forfeiture claim at this time.

As to the return of the electronic devices, the court requests the government to file a status report within seven days of this order indicating when it believes the imaging will be completed. Should the information provided in that report not be satisfactory to Dr. Wells, he can then renew the motion and provide points and authorities for the proposition that he is entitled to the return of those items within a shorter period of time.

IT IS THEREFORE ORDERED that Defendant's Motion for Return of Property (ECF No. 13) is DENIED.

IT IS FURTHER ORDERED that the Government is to file a status report within 7 days indicating when it believes the imaging of Dr. Wells' electronic devices will be complete.

DATED: September 30, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE