NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
PETER S. LEVITT
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
peter.s.levitt@usdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ORLANDIS WELLS,<br><br>　　　　　　　　Defendant. | Case No. 2:19-cr-00216-JAD-NJK<br><br>Stipulation to Continue the Calendar Call and Trial Dates<br>*(Second Request)* |

　　　　IT IS HEREBY STIPULATED AND AGREED, by and between NICHOLAS A. TRUTANICH, United States Attorney, and PETER S. LEVITT, Assistant United States Attorney, counsel for the United States of America; and CHRISTOPHER R. ORAM, counsel for Defendant ORLANDIS WELLS, that the calendar call currently scheduled for May 11, 2020, at 1:30 p.m., and the trial date currently scheduled for May 19, 2020 at 9:00 a.m., in the above-captioned matter, be vacated and continued to a date and time to be set by this Honorable Court but no sooner than ninety (90) days.

　　　　IT IS FURTHER STIPULATED AND AGREED, that the parties herein shall have to and including August 6, 2020, to provide any expert witness disclosures.

　　　　This stipulation is entered into for the following reasons:

1

1. On March 16, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued Temporary General Order 2020-03, which found that due to the outbreak of the coronavirus disease 2019 ("COVID-2019") in the District of Nevada, the declaration by the Governor of the State of Nevada of a public health emergency due to the spread of COVID-19 in Nevada, and the declaration of local emergencies by local governments due to COVID-19, including Clark County, the Court has sustained "reduced ability to obtain an adequate spectrum of jurors," and it noted the effects of public health recommendations, including "social distancing measures." General Order 2020-03 accordingly continued all civil and criminal trials until April 10, 2020, pending further order of the Court and found that "the ends of justice are best served by ordering the continuances, which outweighs the best interests of the public and any defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A)."

2. On March 19, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued Temporary General Order 2020-04, which noted that "the COVID-19 pandemic has continued to spread," resulting in the need for "more aggressive social-distancing measures." The Court noted further that, "[o]n March 17, 2020, the Governor of the State of Nevada ordered the closure of many business establishments and strongly encouraged all citizens to stay home." Accordingly, the Court ordered the temporary closure of the Clerk's office, and implemented other changes, including "striving to eliminate in-person court appearances." In the event any hearing must go forward, the Court will conduct the hearing via video or teleconference. The Court will vacate or amend GO 2020-04 no later than April 30, 2020.

3. On March 30, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued Temporary General Order 2020-05 (collectively with General Order 2020-03 and General Order 2020-04, "the General Orders"), which noted that "the Judicial Conference of the United States found that emergency conditions due to the national emergency declared by the

President have affected and will materially affect the functioning of the federal courts generally," and instituted various additional measures to protect the health and safety of those involved in proceedings before the Court.

4.	Accordingly, based on the public health emergency brought about by the COVID-2019 pandemic, and the required social-distancing measures as recognized in the General Orders; the need for additional time to prepare the defense once the public health emergency is resolved; as well as to allow counsel for Wells sufficient time within which to be able to effectively complete investigation of the discovery materials provided, the parties agree to this continuance.

5.	Counsel for Wells needs additional time to review discovery and conduct investigation in this case to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or will be resolved through negotiations.

6.	The parties agree to this continuance, and are currently exploring possible avenues of resolution without a trial.

7.	Wells is not currently detained pending trial and does not object to a continuance.

8.	Further, the additional time requested herein is not sought for purposes of delay, but to account for the necessary social-distancing in light of the COVID-2019 public health emergency, to allow the defense adequate time to prepare following the resolution of this public health emergency, to allow counsel for the defendant sufficient time within which to be able to effectively complete investigation of the discovery materials provided.

9.	Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excusable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

10. This is the second requested continuation the trial date herein.

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

| /s/ Peter S. Levitt | /s/ Christopher R. Oram |
|---|---|
| PETER S. LEVITT | CHRISTOPHER R. ORAM, ESQ. |
| Assistant United States Attorney | Attorney for Orlandis Wells |

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
-oOo-

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ORLANDIS WELLS,

    Defendant.

Case No. 2:19-cr-00216-JAD-NJK

**ORDER**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. On March 16, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued Temporary General Order 2020-03, which found that due to the outbreak of the coronavirus disease 2019 ("COVID-2019") in the District of Nevada, the declaration by the Governor of the State of Nevada of a public health emergency due to the spread of COVID-19 in Nevada, and the declaration of local emergencies by local governments due to COVID-19, including Clark County, the Court has sustained "reduced ability to obtain an adequate spectrum of jurors," and it noted the effects of public health recommendations, including "social distancing measures." General Order 2020-03 accordingly continued all civil and criminal trials until April 10, 2020, pending further order of the Court and found that "the ends of justice are best served by ordering the continuances, which outweighs the best interests of the public and any defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A)."

2. On March 19, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued Temporary General Order 2020-04, which noted that "the COVID-19 pandemic has continued to spread," resulting in the need for "more aggressive social-distancing

measures." The Court noted further that, "[o]n March 17, 20g20, the Governor of the State of Nevada ordered the closure of many business establishments and strongly encouraged all citizens to stay home." Accordingly, the Court ordered the temporary closure of the Clerk's office, and implemented other changes, including "striving to eliminate in-person court appearances." In the event any hearing must go forward, the Court will conduct the hearing via video or teleconference. The Court will vacate or amend GO 2020-04 no later than April 30, 2020.

3. On March 30, 2020, the Chief Judge of the U.S. District Court for the District of Nevada issued Temporary General Order 2020-05 (collectively with General Order 2020-03 and General Order 2020-04, "the General Orders"), which noted that "the Judicial Conference of the United States found that emergency conditions due to the national emergency declared by the President have affected and will materially affect the functioning of the federal courts generally," and instituted various additional measures to protect the health and safety of those involved in proceedings before the Court.

4. Accordingly, based on the public health emergency brought about by the COVID-2019 pandemic, and the required social-distancing measures as recognized in the General Orders; the need for additional time to prepare the defense once the public health emergency is resolved; as well as to allow counsel for defendant sufficient time within which to be able to effectively complete investigation of the discovery materials provided, the parties agree to this continuance.

5. Counsel for the defendant needs additional time to review discovery and conduct investigation in this case to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or will be resolved through negotiations.

6. The parties agree to the continuance, and are currently exploring possible avenues of resolution without a trial.

7. The defendant is not currently detained pending trial and does not object to a continuance.

8. Further, the additional time requested herein is not sought for purposes of delay, but to account for the necessary social-distancing in light of the COVID-2019 public health emergency, to allow the defense adequate time to prepare following the resolution of this public health emergency, to allow counsel for the defendant sufficient time within which to be able to effectively complete investigation of the discovery materials provided.

9. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excusable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

10. This is the second request to continue the trial date herein.

For all of the above-stated reasons, the ends of justice would best be served by a continuance of the motions deadline, calendar call and trial dates.

## CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excusable under the Speedy Trial Act, Title 18, United

States Code, Section 3161 (h)(7)(A), when considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

**ORDER**

IT IS THEREFORE ORDERED, that the parties herein shall have to and including August 6, 2020, to provide any expert witness disclosures.

IT IS FURTHER ORDERED that trial briefs, proposed voir dire questions, proposed jury instructions, and a list of proposed exhibits must be electronically submitted to the Court by noon on September 21, 2020.

IT IS FURTHER ORDERED that the calendar call currently scheduled for May 11, 2020, at the hour of 1:30 p.m., be vacated and continued to September 21, 2020, at the hour of 1:30 p.m.; and the trial currently scheduled for May 19, 2020, at the hour of 9:00 a.m., be vacated and continued to September 29, 2020, at the hour of 9:00 a.m.

DATED this 30th day of April, 2020.

_____
THE HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE