JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
NADIA AHMED
Assistant United States Attorney
Nevada Bar Number 15489
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-5087
nadia.ahmed2@usdoj.gov
*Attorneys for United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ORLANDIS WELLS,<br><br>Defendant. | Case No.: 2:19-cr-00216-ART-NJK<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT ORLANDIS WELLS' MOTION TO DISMISS ALL COUNTS OF THE INDICTMENT (ECF No. 85)** |

**Certification:** This Response is timely filed.

Comes now the United States, by and through undersigned counsel, and responds to Defendant Orlandis Wells' Motion to Dismiss Indictment (ECF No. 85) (hereafter "Motion"). The United States respectfully requests that this Court deny the defendant's Motion as it is contrary to well-established law. The Indictment properly alleges all the elements of Title 21, United States Code, Section 841(a)(1) of the Controlled Substances Act ("CSA") and the defendant cannot challenge the sufficiency of facts in a concluded grand jury proceeding. In support of this response, the United States submits the following:

### I.   BACKGROUND

The defendant, Orlandis Wells (the "defendant" or "Wells"), is a medical doctor who specialized in obstetrics and gynecology in Las Vegas, Nevada. Wells was authorized by the

1

Drug Enforcement Administration ("DEA") to prescribe controlled substances, but only if the controlled substances were issued for a legitimate medical purpose in the usual course of his professional practice. *See* 21 C.F.R. § 1306.04. On August 21, 2019, Wells was charged via indictment with thirty-two counts of distributing a Schedule II controlled substance without a legitimate medical purpose and outside the usual course of professional practice in violation of 21 U.S.C. § 841(a)(1).

Counts 1-4 of the Indictment specifically charge that Wells "did knowingly and intentionally distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance, to wit: hydrocodone, . . . without a legitimate medical purpose and outside the usual course of professional practice . . ." Docket No. ¶ 11. Counts 5-32 similarly charge that Wells "did knowingly and intentionally distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance, to wit: oxycodone, . . . without a legitimate medical purpose and outside the usual course of professional practice . . ." Docket No. 1, ¶¶ 13, 15.

On December 1, 2022, Wells filed a Motion to Dismiss All Counts of the Criminal Indictment. The Government respectfully requests that the Court deny Wells' Motion.

## II.     LEGAL ARGUMENT

### A. Legal Standard

An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). an indictment that tracks the language of the statute charging the offense is sufficient if it unambiguously sets forth all of the elements necessary to constitute the offense. *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985). "The test for sufficiency of the indictment is 'not

whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.'" *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009). When determining whether an indictment states a cognizable offense, courts are "bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017). The indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. King*, 200 F.3d 1207, 1217 (9th Cir. 1999).

### B. As the CSA Provides and *Ruan* Confirmed, the Government Is Not Required to Include Allegations Relating to a Defendant's Lack of Authorization in the Indictment.

Wells' motion asserts that the Indictment "is not in compliance with Supreme Court precedent," namely its ruling in *Xiulu Ruan v. United States*, 142 S. Ct. 2370 (2022) and is "reliant on an outdated interpretation of Section 841." The crux of Wells' entire motion is the simple fact that the Indictment preceded *Ruan* must mean that the government proceeded "with an interpretation that is now nullified by US Supreme Court case law" and that the elements necessary to prove a violation of Section 841 "are consequently now different from those the government sought from the Grand Jury." Mot. at 5.

Contrary to Wells' claims, the Indictment sufficiently lays out the charges against him and is consistent with both the CSA and the Supreme Court's ruling in *Ruan*. The CSA lays out requirements for indictments for unlawful distribution of controlled substances, *see* 21 U.S.C. § 885(a), and the Indictment not only meets, but exceeds those requirements. Wells misunderstands the holding in *Ruan* and its implication for charging documents; while *Ruan* clarifies the scienter requirement for *proving* a violation of § 841, it does not change the requirements for *alleging* such a violation.

3

Wells contends that the Indictment is deficient because it fails to specifically allege Wells' "subjective belief element." Mot. at 5. However, Walls's argument represents a misreading of the CSA and the Supreme Court's holding in *Ruan*. The CSA reads, in part, that, "except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Dispensing a controlled substance is "authorized," and therefore excepted from the statutory prohibition, when "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a); *Ruan*, 142 S. Ct. at 2375. However, the CSA also states that "[i]t shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, [or] indictment . . . ." 21 U.S.C. § 885(a)(1). In other words, "in a prosecution under the Controlled Substances Act, the Government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment." *Ruan*, 142 S. Ct. at 2379.

Since the indictment is not required to address the defendant's authorization to dispense controlled substances, it follows that the indictment also does not need to address the *mens rea* associated with said authorization; that is, whether the defendant knew or intended that his prescribing was unauthorized. Thus, the language that Wells argues is necessary for the indictment to be legally sound is, in fact, not required.

Moreover, the Supreme Court's recent holding in *Ruan* does not, as Wells argues, "make the lack of authorization an element of the offense" such that it "must be alleged in the indictment." Mot. at 3-4. In *Ruan*, the Court held that the "except as authorized" clause, while different from an element in some respects, was sufficiently like an element that the "knowingly or intentionally" *mens rea* applies to it. 142 S. Ct. at 2380. Thus, to obtain a conviction for

unauthorized distribution of a controlled substance, the Government must prove that Wells knew or intended that the distribution in question was unauthorized. However, the majority in *Ruan* underscored that, per § 885, "the Government need not set forth in an indictment a lack of authorization, or otherwise allege that a defendant does not fall within the many exceptions and exemptions that the Controlled Substances Act contains." *Id*. at 2379. Thus, the *Ruan* decision does not create a new element that must be alleged in an indictment for it to be legally sound.[1] The language of the pre-*Ruan* Indictment remains sufficient.

Here, the Indictment addresses all the elements of the offense. The Indictment alleges that Wells "*did knowingly and intentionally* distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance. . . without a legitimate medical purpose and outside the usual course of professional practice . . . all in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 21, Code of Federal Regulations, Section 1306.04." Docket No. 1, ¶¶ 11, 13, 15. (emphasis added). The language of the Indictment "clearly track[s] the language of the statute," and therefore contains the elements of the offense. *See Kelly*, 874 F.3d at 1047.

### C. In Any Event, the Indictment Here Alleges that Wells Knowingly and Intentionally Acted Beyond the Scope of His Authorization.

Even if – as the defense argues, and contrary to § 885 and *Ruan* – the Indictment was required to allege that Wells knowingly and intentionally acted in an unauthorized manner, the Indictment would still be legally sufficient. The Indictment alleges that the prescribing in question

---

[1] *Ruan* affirmed that 21 U.S.C. § 885 is properly read as a "presumptive device" that "shifts the burden of production [of evidence of authorization] to the defendant." *Ruan*, 142 S. Ct. at 2380 (citing *County Court of Ulster City v. Allen*, 442 U.S. 140, 157-58, n.16 (1979)). "[O]nce the defendant satisfies the initial burden of production by producing evidence of authorization, the burden of proving a [knowing or intentional] lack of authorization shifts back to the Government." *Id*. Since questions of fact predominate this analysis, the core *Ruan* holding is not likely to significantly affect pre-trial motions.

was unauthorized, since Wells' prescriptions were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice. Docket No. 1 ¶¶ 11, 13, 15; see 21 C.F.R. § 1306.04(a); *Ruan*, 142 S. Ct. at 2375; *see also United States v. Spayd*, No. 3:19-cr-0011-JMK-MMS-1, 2022 WL 4220192, at *3 (D. Alaska Sept. 13, 2022) ("By mirroring the applicable regulatory language, which defines authorization under § 841(a), and alleging that [defendant] intended to act in a manner contrary to that regulation, the indictment sufficiently alleges a violation of § 841(a) after *Ruan*."

The Indictment also alleges for each count that Wells acted "knowingly and intentionally." Docket No. 1 ¶¶ 11, 13, 15. As written, the "knowingly and intentionally" *mens rea* is most naturally read to modify every subsequent clause in the sentence. *See Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009) ("As a matter of ordinary English grammar, it seems naturally to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime."); cf. *Ruan*, 142 S. Ct. at 2377 ("We have accordingly held that a word such as 'knowingly' modifies not only the words directly following it, but also those other statutory terms that 'separate wrongful from innocent acts.'").

Applying this standard interpretive framework, the Indictment is reasonably read to allege that Wells dispensed controlled substances that were "knowingly and intentionally . . . not issued for a legitimate medical purpose by an individual practitioner acting within the usual course of professional practice." Docket No. 1 ¶¶ 11, 13, 15. This is the equivalent of alleging that Wells prescribed in a manner that he knew and intended was unauthorized, since the standard for "authorized" distribution is distribution "for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a); *Ruan*, 142 S. Ct. at 2375. Thus, while not necessary, the Indictment already alleges knowing and intentional unauthorized distribution by Wells.

Finally, to pass constitutional muster, an indictment must, in addition to containing the elements of the charged offense, "enable [the defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974), citing *Hagner v. United States*, 285 U.S. 427 (1932). The Indictment includes the relevant time period and specific events that prompted the charges against Wells, allowing him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See Kelly*, 874 F.3d at 1047. Accordingly, the Indictment is legally sufficient and should not be dismissed.[2]

### D. The Sufficiency of Facts Presented to the Grand Jury Is Irrelevant Post-Indictment, and Wells Has No Basis for Challenging Those Facts.

Wells' allegation that the fact that *Ruan* postdates the Indictment means the grand jury was not given sufficient evidence or instruction to find probable cause to believe that Wells knowingly and intentionally exceeded his authorization to prescribe controlled substances fails for two main reasons. See Mot. at 5-13. First, a defendant who has already been indicted can no longer challenge the sufficiency of the facts relied on in the grand jury proceedings. Courts universally hold that an indictment returned by a grand jury that is "fair upon its face" conclusively determines the existence of probable cause. *E.g., Gerstein v. Pugh*, 420 U.S. 103, 117, n.19 (1975), *Ex parte* U.S., 287 U.S. 241, 250 (1932), *United States v. Seng Chen Yong*, 926 F.3d 582, 592 (9th Cir. 2019) ("It is well established that, absent fraud on the grand jury or some

---

[2]  Given the recency of the *Ruan* decision, the Ninth Circuit and the District Courts of Nevada have yet to address this question. However, it appears that other courts having considered this question have all denied such motions to dismiss. *See, e.g. Spayd*, No. 3:19-cr-00111-JMK-MMS-1, 2022 WL 4220192 at *2, n. 28, citing *United States v. Spivack, et al.*, No. CV 22-343, 2022 WL 4091669, at *1 n.1 (E.D. Pa. Sept. 6, 2022) ("[T]he mens rea language of section 841 requires the United States to prove beyond a reasonable doubt—not plead—in its criminal prosecution the defendant knowingly or intentionally acted in an unauthorized manner") and *United States v. Siefert, et al.*, No. 2:21-cr-00002-DLB-CJS (E.D. Ky. Feb 24, 2021) ("denying motion to dismiss indictment that included the following language: Defendant 'did knowingly and intentionally dispense and distribute, outside the scope of professional practice and not for a legitimate medical purpose' Schedule II controlled substances)."

similar process flaw, a grand jury indictment conclusively demonstrates probable cause at the time of the indictment."). As the Supreme Court held in *Kaley v. United States*, "'the whole history of the grand jury institution' demonstrates that 'a challenge to the reliability or competence of the evidence' supporting a grand jury's finding of probable cause 'will not be heard.'" 571 U.S. 320, 328-29 (2014) (quoting *United States v. Williams*, 504 U.S. 36, 54 (1992)). The Court explained that the probable cause requirement only serves a "gateway function" that is "relatively undemanding," and there is "no 'authority for . . . revising the judgment of the grand jury . . . [to determine] whether or not the finding was founded upon sufficient proof.'") *Id*. at 329.

As the district court in Alaska recently noted in response to similar speculation about the sufficiency of the grand jury proceedings on a motion to dismiss a pre-*Ruan* indictment, "because the Court is 'bound by the four corners of the indictment' on a pretrial motion to dismiss an indictment for failure to state an offense, a change in law must render an indictment invalid on its face to merit dismissal." *Spayd*, No. 3:19-cr-00111-JMK-MMS-1, 2022 WL 4220192 at *4.

Here, the Indictment is fair upon its face. As set forth above, it tracks the language of 21 U.S.C. § 841(a) and contains all required elements of the offense. *See Kelly*, 874 F.3d at 1047. The Indictment even goes beyond what is necessary by asserting the knowing and intentional manner in which Wells acted without a legitimate medical purpose and outside the usual course of professional practice- a requirement that, according to *Ruan*, "need not [be] set forth in an indictment." *Ruan*, 142 S. Ct. at 2379.

Second, the Ninth Circuit, well before the issuance of the Indictment in this case, noted that a jury considering an § 841 violation must make a finding about the prescriber's state of mind, and the propriety "for the jury to consider the practitioner's behavior against the benchmark of acceptable and accepted medical practice." *See United States v. Feingold*, 454 F.3d

8

1001 (9th Cir. 2006). Defendant speculates about the evidence provided to the grand jury and that the only such evidence could be an expert report. He dwells at length on the insufficiencies of this report. In so doing, he fails to adhere to the legal bounds of what this Court must consider on a motion to dismiss. Given the Ninth Circuit's decision in *Feingold*, and its consistency with the Supreme Court's ruling in *Ruan*, Wells assertion that the mere fact that *Ruan* was issued after the Indictment must mean the grand jury was improperly advised of the facts and law is at best conjecture. Accordingly, Wells' attempts to penetrate the grand jury proceedings – particularly here, where the face of the Indictment meets all legal requirements – should be rejected as falling far below the "strong showing of particularized need" that must be met to unveil grand jury materials. *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983); *United States v. Blume, et al.*, No. 5:18-cr-00026, 2022 WL 4076065, at *3 (S.D.W. Va. Sept. 3, 2022) (rejecting motion to dismiss assertion that grand jury being "improperly and hastily instructed in light of *Ruan*" constituted a particularized need for disclosure of grand jury materials); *Spayd*, No. 3:19-cr-00111-JMK-MMS-1, 2022 WL 4220192 at *4 ("the substantive consistency between *Feingold* and *Ruan* indicates that any suspicion of improper grand jury instructions are based on speculation only").

### III.    CONCLUSION

Wherefore, for all the reasons stated above, and such other good and just cause the Court determines, the government respectfully requests that this Court deny Wells' motion.

DATED:  December 29, 2022

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

 */s/ Nadia Ahmed*

NADIA AHMED
Assistant United States Attorney

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December 2022, the foregoing response was filed with the Clerk of the Court using the CM/ECF System, which will send notice and constitute service of such filing, to counsel of record for Defendant Wells.

*/s/ Nadia Ahmed*

NADIA AHMED
Assistant United States Attorney