CHRISTOPHER R. ORAM, ESQ.
Nevada Bar No. 4349
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
contact@christopheroramlaw.com
*Attorney for Orlandis Wells*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:19-cr-00216-ART-NJK |
| Plaintiff, | |
| vs. | **REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS ALL COUNTS OF THE INDICTMENT** |
| ORLANDIS WELLS, M.D., | |
| Defendant. | |

Now comes Defendant, ORLANDIS WELLS, M.D., by and through his undersigned counsel, and gives his Reply to the Plaintiff, UNITED STATES OF AMERICA, and their Response to Dr. Wells' Motion to Dismiss All Counts of the Indictment.

**PROCEDURAL HISTORY**

This is a Reply to the Government's Response to Dr. Wells' Motion to Dismiss All Counts of the Indictment.

///

///

///

///

1

# ARGUMENT

## SUMMARY OF THE ARGUMENT

Concerningly, the Government completely ignores discussing or incorporating any pertinent facts specific to Dr. Wells' practice in their response. The Government cannot point to a single fact that would validate their indictment, and warrant a dismissal of Dr. Wells' claims. The Response entirely consists of restating the allegations contained within the indictment, and incorrect analysis of *Ruan v. United States*, 142 S. Ct. 2370, 2380 (2022).

Additionally, the Government misinterprets Dr. Wells' argument regarding the deliberations of the grand jury, and erroneously contends that Dr. Wells' argument relies on determining grand jury deliberations. In responding the Government fails to provide a single factual basis of their case against Dr. Wells, and do nothing to resolve the main contention that no sufficient evidence against Dr. Wells is available, or was ever available for any reasonable person to deliberate on.

Moreso, if the Government's assertations regarding indictments and grand juries are sustained, their failure to specify any aspect of Dr. Wells' conduct as basis for the indictment would result in nearly every doctor in Nevada susceptible to an Indictment, without any legal remedy.

Lastly, the Government's actions of pursuing this indictment with varying and unspecific allegations violates Dr. Wells' notice and due process rights as guaranteed by the 14th Amendment to the United States Constitution.

**The Response Fails To Address Any Fact Specific To Dr. Wells' Case**

It is troubling that the Government cannot allege a single portion of the discovery that in any way provides credence to their Indictment. In fact, Dr. Wells' is willing to cite to the Government's very own expert witness and reports, while the Government is unable to cite any

specific prescription, patient interaction, or metric as sufficient to satisfy their mens rea requirement. If there was a clear and indisputable basis for this indictment, the Government had every opportunity to specify that basis. The Court should view this omission as a great concern.

Dr. Wells was indicted in 2019 for these counts, and a search warrant was served in the same time period (ECF 1, 10). For almost three and a half years, the Government has had every opportunity to scour and locate factual evidence to support their claims. As they have demonstrated in their response, this attempt has been completely futile. They cannot list any overdose, any physician-linked death, any illicit deal, any license revocation, or any outlandish statistic of Dr. Wells' practice that can remotely justify a criminal indictment. As Dr. Wells can demonstrate, this absence is not the result of an oversight or miscalculation on the Government's behalf. Rather, it is because a factual basis for the Government's allegations does not exist.

**The Government Misinterprets *Ruan* and Supporting Caselaw**

The Government itself states that the indictment is sufficient if it "contains the elements of the offense charged…" *Hamling v. United States*, 418 U.S. 87, 117 (1974), and "should be read in its entirety construed according to common sense and interpreted to include facts which are necessary implied" *United States v. King*, 200 F.3d 1207, 1217 (9th Cir. 1999). Despite the Government's insistence that it has a very low standard to meet, they do not have carte blanche to set legal standards that do not meet the minimum requirements for an indictment.

The response misstates *Ruan* by arguing that their indictment need not address the defendant's authorization to dispense controlled substance. The very crux of *Ruan* is that if Dr Wells has a license to prescribe, he may only be indicted if the knowingly element is clearly satisfied. At all times Dr. Wells was authorized to prescribe the medications hydrocodone and oxycodone. Not only is Dr. Wells' authorized under his DEA license, but also his Nevada Pharmacy Board license and Nevada Board of Medical Examiners license. There is no question

that Dr. Wells was licensed to prescribe every medication listed in the indictment. Therefore, since Dr. Wells was licensed, the "knowingly" element of *Ruan*, that Dr. Wells had a subjective belief that he was not acting within his authorized, must be specified and alleged in the indictment. The Government does not meet the minimum standard here set forth by the Supreme Court.

In their response, the Government alleges that *Ruan* effectively has a caveat that excludes Indictments from the scope of the Supreme Court's ruling. Specifically, the Government cites the following portion of *Ruan* in their Response:

> [I]n a prosecution under the Controlled Substances Act, the Government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment." *Ruan*, 142 S. Ct. at 2379. Resp. at 4.

However, a detailed reading of the Opinion will show that this does not in fact absolve the Government of their requirement to demonstrate a scienter in the indictment, nor does it preclude indictments from the holding in *Ruan*.

The quotation from *Ruan* is a restating of the Government's position and a portion of the Section 885. In *Ruan*, the Supreme Court gave a specific analysis of this exact issue, which runs in conflict with the Government's assertions. They held that this provision only entails that an exhaustive list of *all* non-applicable exceptions (Veterinarian, researcher, pharmacists, ect.) need not be included in the indictment. They did not hold that a scienter regarding authorization is not required at all. The Supreme Court states:

> Section 885 merely absolves the Government of having to allege, in an indictment, the inapplicability of every statutory exception in each Controlled Substances Act prosecution.
> *Ruan v. United States*, 142 S. Ct. 2370, 2380 (2022)

Clearly, the Supreme Court is not suggesting that indictments are a caveat to the basic requirements of including a scienter. As the Supreme Court states even further:

> Section 885 thus does not provide a basis for inferring that Congress intended to do away with, or weaken, ordinary and longstanding scienter requirements. At the

same time, the language of §841 (which explicitly includes a "knowingly or intentionally" provision); the crucial role authorization (or lack thereof ) plays in distinguishing morally blameworthy conduct from socially necessary conduct; the serious nature of the crime and its penalties; and the vague, highly general language of the regulation defining the bounds of prescribing authority all support applying normal scienter principles to the "except as authorized" clause. That statutory requirement, while differing from an element in some respects, is sufficiently like an element in respect to the matter at issue here as to warrant similar legal treatment.
*Ruan v. United States*, 142 S. Ct. 2370, 2380 (2022)

There is good reason to highlight the context of the Supreme Court's opinion. If the Government's interpretation stands uncorrected, the Government would contend that indictments against individuals who are authorized to prescribed scheduled drugs does not require any scienter or mens rea. This would create a scenario in this Court's jurisdiction that would allow every and any doctor who prescribes restricted medications to be valid target for indictment.

Because the Government failed to highlight any particular fact of Dr. Wells' case, their indictment and rationale for maintaining it could be applied to thousands upon thousands of licensed physicians in the state of Nevada. As they insist that they are not obligated to provide a scienter to authorization (or any proof of one), every prescription filed within this Court's jurisdiction could be susceptible to a criminal proceeding. Astoundingly, this could include even the Government's own expert witnesses, who are involved specifically to be authoritative voices on prescribing habits.

Combining this fact with the other arguments included in their response, that an indictment is effectively unquestionable once returned from a grand jury, it would create a legal void, where any doctor can be subject to baseless criminal action, and no resource exists to prevent the costly ordeal of a baseless trial.

In fact, contrary to the Government's position, indictments are indeed affected by the *Ruan* decision, and the Government has not sufficiently provided Dr. Wells' with an indictment that is based in valid case law. Additionally, there is no aspect of *Ruan* that suggests that indictments are excluded from the Supreme Court's interpterion, and there is no excerpt that suggests that the holding in *Ruan* should not be retroactively applied to indictments and proceedings that were in the process of adjuration when the Supreme Court issued their ruling. As such, there is no remaining reason for why Dr. Wells' motion should not be granted. Dr. Wells' respectfully asks this Court to grant their Motion to Dismiss All Counts of the Indictment.

***The Motions to Dismiss Cited by the Government are Factually and Substantially Different from Dr. Wells Motion to Dismiss.***

In their response, the Government provides a footnote, arguing that similar claims have been denied. The Government explained, "However, it appears that other courts having considered this question have all denied such motions to dismiss." Resp. at 7, Footnote.  This includes *United States v. Spayd*, No. 3:19-cr-00111-JMK-MMS-1, 2022 WL 4220192, *United States v. Spivack, et al.,* No. CV 22-343, 2022 WL 4091669, and *United States v. Siefert*, et al., No. 2:21-cr-00002-DLB-CJS (E.D. Ky. Feb 24, 2021).[1]

However, a review of these decisions demonstrates that the mentioned cases are actually helpful to Dr. Wells' position. Firstly, the defendant in *United States v. Spayd* was a nurse practitioner, not an independent physician (Exhibit A, Pg. 4). As stated in the case, the defendant was charged with five counts of unlawfully distributing and dispensing a controlled substance resulting in death (Exhibit A, Pg. 4). Clearly, the cited case revolves around the nature of multiple patient fatalities while in the care of the defendant. This is completely

---

[1] Copies of the cited orders and indictments are attached as Exhibits

6

1 different from the instant case, where not a single patient death can be attributed to the medical
2 decisions made by Dr. Wells.

3 Additionally, the indictment in the cited case is substantially different to Dr. Wells, to
4 the point where the concerns raised by Dr. Wells are addressed. According to the case, the
5 indictment states that the defendant, "while acting and *intending to act* outside the usual course
6 of professional practice and without a legitimate medical purpose wrote and dispensed
7 prescriptions." (Exhibit A, Pg. 6) While this language clearly attributes and alleges a mens rea
8 to the lack for the authorization, and conforms to the Supreme Court's holding in Ruan, the
9 phrase "*intending to act"* is nowhere to be found within Dr. Wells' indictment. If the ruling
10 court in the cited case were to review Dr. Wells' motion and apply the same logical standard, it
11 is clear that the indictment against Dr. Wells does not conform to the standard under *Ruan*.

12 In *United States v. Spivack*, the defendants are subject to a civil action for monetary
13 damages, and are not criminal defendants (Exhibit B, Pg. 1). Not only are the *Spivack*
14 defendants' pharmacy technicians, not licensed physicians (*Id.*), but they were charged under
15 Section *842* in a civil case, which has an entirely different language and burden of proof than a
16 criminal indictment in Section *841,* the provision that applies to Dr. Wells' indictment, and the
17 *Ruan* case. As the Court stated in their Order:

18 First, the "knowingly or intentionally" language in section 841 at issue in
   *Ruan* is **not** contained in section 842 at issue here. Second, the mens rea language
19 of section 841 requires the United States to **prove** beyond a reasonable doubt–not
   plead–in its criminal prosecution the defendant knowingly or intentionally acted
20 in an unauthorized manner. This proof standard has nothing to do with pleading
   requirements of the civil provision in section 842(a).
21 *(Exhibit B, Pg. 2)*

22

23 Additionally, in *United States v. Siefert*, six patient deaths are being alleged as the result
24 of the Defendant's prescription habits (Exhibit C, Pg. 6). Moreover, the Government is also able
to allege that the Defendant's staff, who were not licensed physicians, became deeply concerned

7

by the Defendant's conduct, and repeatedly advised and pleaded with the Defendant to stop prescribing in a dangerous and unlawful manner. (Exhibit C, Pg. 7).

Substantially, the facts of the case, even down to the difference between criminal and civil actions undertaken by the Government, are completely separate from the instant case.

***The Government Misinterprets Dr. Wells' Grand Jury Arguments***

In their response, the Government contends that Dr. Wells' Motion challenges the jury's ability to deliberate on the indictment, and cites *Kaley v. United* States, 571 U.S. 320, 328-29 (2014). As such, the Government asserts that Dr. Wells does not have any right, other than accusing fraud, to question the indictment of the Grand Jury.

This is an incorrect interpretation of the argument posed by Dr. Wells' in his motion to dismiss. In the motion, Dr. Wells is not demanding an unveiling of the grand jury's proceeding, nor does he need to in order to advance his argument that the motion against him should be dismissed.

The crux of Dr. Wells' argument is that the indictment does not meet the standards of *Ruan*. To prove this, Dr. Wells demonstrated that this indictment could only have only been sought with a faulty interpretation of Section 841, and even with the evidence most favorable to the Government, there is absolutely no possible manner to construe the facts of the case into an indictable offense. Given the complete lack of factual evidence present in the Government's response, Dr. Wells' argument in this matter has only strengthened. While the deliberations of the grand jury are indeed sealed, the indictment and discovery they must have been presented do not have those same protections. When the source of the jury's deliberations is factually deficient, and their output is legally deficient, it is unclear why unveiling the grand jury would even be necessary to Dr. Wells' motion to dismiss.

As such, Dr. Wells' respectfully requests that this court grant his Motion to Dismiss All Counts of the Indictment

***The Government Violated Dr. Wells' Notice and Due Process Rights as Guaranteed by the Fourteenth Amendment to the United States Constitution.***

Furthermore, the mere fact that the indictment of Dr. Wells' requires such a close and exhaustive reading of numerous Supreme Court rulings, and the lack of any factual grounds for the indictment in the response, results in Dr. Wells being deprived of his right to due process and notice, as guaranteed in the 14th Amendment to the United States Constitution. Providing notice is required aspect of a criminal indictment. *Valentine v. Konteh*, 395 F.3d 626, 628 (6th Cir. 2005). Despite their obligation and their ample opportunity, the Government appears to be completely disinterested in notifying Dr. Wells' as to the specific elements of his charge, especially regarding the scienter requirement.[2]

Dr. Wells was indicted with 32 counts of distribution of a controlled substance. These counts cover 32 prescriptions for several of Dr. Wells' patients. Each prescription was written for a different patient, medication, dosage amount, diagnosis, and time period. Each prescription, as expected, was written under unique circumstances, germane to each individual patient and prognosis. The indictment, and the Government's response, completely fails to notify Dr. Wells of which aspect of his professional conduct constitutes 32 separate criminal violations.

---

[2] In *Ruan*, the Supreme Court held that a scienter "while differing from an element in some respects, is sufficiently like an element in respect to the matter at issue here as to warrant similar legal treatment." *Ruan v. United States*, 142 S. Ct. 2370, 2380 (2022)

Dr. Wells is not aware if each count is tangentially linked to each other, or if each count represents a particular fact in each prescription that qualifies as a criminal violation. This leaves Dr. Wells without the ability to discern what portion of his subjective belief or intentions when prescribing medicine are being alleged to constitute a criminal violation. This vagueness, combined with the shifting burdens expected of Dr. Wells and the lack of factual evidence, does not properly notify Dr. Wells of the specific actions that he stands trial for. As such, the Government's unsupported indictment violates Dr. Wells' notice and due process rights, provided by the United States Constitution.

## CONCLUSION

Having failed to prove the elements necessary for the Indictment, Dr. Wells respectively moves this court to dismiss this Indictment in full.

Wherefore,

Dated this 12th day of January, 2023.

/s/ *Christopher R. Oram*
Christopher R. Oram, Esq.
Nevada Bar No. 4349
520 S. Fourth Street, Second Floor
Las Vegas, NV 89101
*Attorney for Orlandis Wells, M.D.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2023, I served a true and correct copy of the foregoing document entitled **REPLY TO MOTION TO DISMISS** to the United States Attorney's Office and all other parties associated with this case by electronic mail as follows:

STEPHEN MYHRE, ASSISTANT UNITED STATES ATTORNEY
steven.myhre@usdoj.gov

NADIA AHMED, ASSISTANT UNITED STATES ATTORNEY
Nadia.Ahmed2@usdoj.gov

By: /s/ Scott Reynolds Egnor
An employee of Christopher R. Oram, Esq.