CHRISTOPHER R. ORAM, ESQ.
Nevada Bar No. 4349
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
contact@christopheroramlaw.com
*Attorney for Orlandis Wells*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:19-cr-00216-ART-NJK |
| Plaintiff, | |
| vs. | **MOTION TO REOPEN FRE 702 DAUBERT DEADLINE** |
| ORLANDIS WELLS, M.D., | |
| Defendant. | |

Now comes Defendant, ORLANDIS WELLS, M.D., by and through his undersigned counsel, and moves this Court to allow Dr. Wells to file a Federal Rules of Evidence 702 Motion, and challenge the Government's expert witness under *Daubert v. Merrell Dow Pharm.*, 43 F.3d 1311 (9th Cir. 1995).

**PROCEDURAL HISTORY**

On August 21, 2019, the Government Indicted Dr. Wells of 32 counts of violating Title 21 U.S.C. 841(a)(1), (b)(1)(C). (ECF No. 1) The trial in this matter is currently set for March 28, 2023.

On January 5, 2023, a stipulation for an extension of time for pretrial matters. On January 9, 2023, the order granting the stipulation was filed (ECF 93). In the order, Dr. Wells' Rule 16 Expert Witness disclosure was due on January 13, and any Rule 702 *Daubert* Motion

1

was due on January 20, 2023. On January 13, a stipulation for an extension of time was filed by Dr. Wells for the expert witness disclosure. On January 17, the Court granted the stipulation, continuing it to February 6, 2023. (ECF 99) On February 6, Dr. Wells filed his Notice of Intent to Call Expert Witness at Trial. Based upon the information obtained from the expert witness, Dr. Wells' is respectfully requesting that this Court allow Dr. Wells to file a *Daubert* Motion, pursuant to Federal Rules of Criminal Procedure Rule 12(c)(2).

**ARGUMENT**

Federal Rules of Criminal Procedure Rule 12 states in part:

> (c) Deadline for a pretrial motion; consequences of not making a timely motion.
> (1) Setting the deadline. The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing. If the court does not set one, the deadline is the start of trial.
> (2) Extending or resetting the deadline. At any time before trial, the court may extend or reset the deadline for pretrial motions.
> (3) Consequences of not making a timely motion under Rule 12(b)(3). If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.

As the caselaw demonstrates, federal courts interpret this rule as affirming that a pretrial motion may be filed after a court-imposed deadline if a party can demonstrate good cause for doing so. *United States v. Bowline*, 917 F.3d 1227, 1230 (10th Cir. 2019), *United States v. Scherzer*, Nos. 90-50270, 90-50271, 1992 U.S. App. LEXIS 9520, at *4-5 (9th Cir. Apr. 27, 1992), *United States v. Jones*, No. 89-50474, 1992 U.S. App. LEXIS 17506, at *22 (9th Cir. July 15, 1992), *Davis v. United States,* 411 U.S. 233, 93 S. Ct. 1577 (1973).

In this case, good cause exists to allow Dr. Wells to file a FRE 702 *Daubert* motion, challenging the qualifications and probative value of the Government's expert witness.

The undersigned received the first draft of the report on Friday, February 3, 2023. The report, authored by Dr. Dan Laird, M.D., raises serious questions on the credibility of the

Government's Expert Witness, Dr. Jeffery Muir, and Dr. Timothy Munzing, who authored a report included in discovery.

Specifically, Dr. Laird refers to Dr. Munzing's report as a "junk science," lacking in any peer reviewed literature or valid repeatable methodologies.

> In more than 25 years of pain management, I have not encountered medical literature wherein a physician attempted to make conclusions about the medical appropriateness of controlled substance prescriptions based on state prescription databases while at the same time apparently not reviewing any of the medical records.
>
> …
> [Dr. Munzing's] report is extremely misleading, and he makes a number of unsubstantiated and inflammatory conclusions. As Dr. Munzing points out himself, his methods are unreliable, and conclusions cannot be definitively made from the data he reviewed." (ECF No. 102-1, Pg. 8)

Dr. Laird indicates that Dr. Muir's report suffers from deficiencies as well, and it would be impossible for him to attest to whether or not Dr. Wells committed malpractice. Dr. Laird states that while Dr. Muir attempted to analyze Dr. Wells' standard of care, the guideline he bases his conclusions on specially state that they cannot be used for that purpose.

Dr. Laird states that Dr. Muir's report:

> [P]icks out one set of opioid prescribing guidelines form the scores that exist, specifically misuses it for an unintended purpose, and then concludes that Dr. Wells' committed "malpractice." There is no legitimate medical basis for this conclusion since the FSMB's opioid guidelines explicitly state that they do not establish the standard of care.
> (ECF No. 102-1, Pg. 7)

The undersigned, who is not a medical expert nor well-versed in analyzing opiate treatment guidelines, was unaware of the serious deficiencies in Dr. Muir's report until it was brought to his attention this pervious Friday by Dr. Laird. While Dr. Wells has previously raised serious concerns about the report authored by Dr. Munzing, it was not until his expert, Dr. Laird, was able to attest to these concerns that Dr. Wells can provide the factual basis for a *Daubert* motion.

3

Now that this deficiency has been exposed, Dr. Wells intends to challenge the qualifications and veracity of the Government's expert witness. As such, Dr. Wells has shown good cause to extend the deadline for an FRE 702 Motion, challenging the witness under *Daubert v. Merrell Dow Pharm.*, 43 F.3d 1311 (9th Cir. 1995).

If granted, Dr. Wells does not expect the granting of this motion to affect the remainder of the trial schedule.

Therefore, pursuant to Fed. R. Crim. P. Rule 12(c), Dr. Wells respectfully requests that this Court allow Dr. Wells to submit a Daubert motion to exclude the Government's Expert Witness.

## CONCLUSION

Having shown good cause, Dr. Wells' respectfully requests this Court to grant this motion, and allow Dr. Wells to file a FRE 702 *Daubert* Motion.

Wherefore,

Dated this 8th day of February, 2023.

/s/ *Christopher R. Oram*
Christopher R. Oram, Esq.
Nevada Bar No. 4349
520 S. Fourth Street, Second Floor
Las Vegas, NV 89101
*Attorney for Orlandis Wells, M.D.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February, 2023, I served a true and correct copy of the foregoing document entitled **MOTION TO REOPEN FRE 702 DAUBERT DEADLINE** to the United States Attorney's Office and all other parties associated with this case by electronic mail as follows:

NADIA AHMED, ASSISTANT UNITED STATES ATTORNEY
Nadia.Ahmed2@usdoj.gov

STEVEN MYHRE, ASSISTANT UNITED STATES ATTORNEY
Steven.Myhre@usdoj.gov

By: /s/ Scott Reynolds Egnor
An employee of Christopher R. Oram, Esq.