CHRISTOPHER R. ORAM, ESQ.
Nevada Bar No. 4349
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
contact@christopheroramlaw.com
*Attorney for Orlandis Wells*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ORLANDIS WELLS, M.D.,<br><br>    Defendant. | CASE NO.: 2:19-cr-00216-ART-NJK<br><br>**SUPPLEMENTAL BRIEFING ON MOTION TO DISMISS, PURSANT TO COURT'S MINUTE ORDER (ECF 106)** |

Now comes Defendant, ORLANDIS WELLS, M.D., by and through his undersigned counsel, and gives his Supplemental Briefing to the Plaintiff, UNITED STATES OF AMERICA, and the Court, pursuant to the Minute Order (ECF 106).

## PROCEDURAL HISTORY

This is a Supplemental Briefing to Dr. Wells' Motion to Dismiss All Counts of the Indictment. On February 13, 2023, the Court filed a minute order, notifying Dr. Wells and the Government to be prepared to discuss two cases that the Court has reviewed, *United States v. King*, 587 F.2d 956, 964 (9th Cir. 1978) and *United States v. Kim*, 298 F.3d 746, 750 (9th Cir. 2002). The Court gave Dr. Wells the option to submit a supplemental briefing on this issue. This Supplement follows.

1

///

**ARGUMENT**

The language used is Dr. Wells' indictment is as follows:

> Orlandis Wells, M.D. defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance, to wit: hydrocodone, as listed below, without a legitimate medical purpose and outside the usual course of professional practice, each of which constitutes a separate count of this Indictment: (ECF No. 1, Pg. 5)

The indictment proceeds to list the patients and days of the prescription, and includes the same language for the counts regarding the prescription of oxycodone. As Dr. Wells has previously argued in length in his Motion to Dismiss and Reply, this indictment is insufficient under *Xiulu Ruan v. United States*, 142 S. Ct. 2370 (2022). As Dr. Wells argued, *Ruan* changed the burden of proof and the necessary elements to successfully prove a violation of the Controlled Substances Act, when the defendant is authorized to dispense a controlled substance.

In reviewing *Kim,* 298 F.3d 746 and *King,* 587 F.2d 956*,* Dr. Wells finds that both holdings bolster Dr. Wells' contention that the indictment is insufficient. Additionally, both *Kim,* 298 F.3d 746 and *King,* 587 F.2d 956 hold, as Dr. Wells stated in his Reply, that the indictments lack the necessary elements to put Dr. Wells on notice, as is required by the Fourteenth amendment to the United States Constitution.

In *King*, 587 F.2d 956 the Ninth Circuit held that an indictment was insufficient, by failing to charge all necessary elements of the offense. The dismissal was prompted by the Government's failure to include the fact that the Defendant, Dr. Deal, was not authorized to prescribe Cocaine.[1]

---

[1] It should be noted that in *King*, the relevant defendant was indicted on the distribution of cocaine at an airport, completely outside the scope of medical practice. Even then, the *King* Court found that a full and complete indictment, including his lack of authorization, was

*King* goes on to state:

> The failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect. It is of paramount importance to the rights of the accused that the indictment contain an adequate recitation of each component of the crime that the Government must establish.

*United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978) (Internal citations omitted)

The holding in *Ruan,* 142 S. Ct. at 2370, can be reviewed as attributing a new element required to indict a medical practitioner of violating the controlled substance act. This case, when reviewed in addition to *Ruan*, demonstrates the importance of each element, including the Scienter that is missing from Dr. Wells' indictment. Post-*Ruan*, the Supreme Court has held that the government, in order to prove their case, must demonstrate and center their case on the defendant's subjective belief. The Government's allegations in the indictment fail to provide any accusation on Dr. Wells' subjective belief, as the requirements needed to prove a violation of the Section 841 of the Controlled Substance Act did not require the Doctor's subjective belief at the time the indictment was obtained.

*Kim,* 298 F.3d 746 demonstrates an example of the subjective belief that is plainly missing in Dr. Wells' indictment. *Kim* holds that the indictment against the Appellant was sufficient when it included the relevant portion:

> Unlike the indictment in *King*, the indictment in Stoll did inform the defendant that he was charged with possessing pseudoephedrine *that he knew* would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(2). The pharmacist's authorization was to sell pseudoephedrine for "legitimate medical use." 21 U.S.C. § 802(46)(B). The indictment informed Stoll that the government charged him with criminal conduct not covered by the exception. Kim was similarly charged with distributing pseudoephedrine with reason to know that it would be used to make methamphetamine in violation of 21 U.S.C. § 841(d)(2). The elements of the crime in each case were sufficiently set forth. *United States v. Kim*, 298 F.3d 746, 750 (9th Cir. 2002) (Emphasis added)

---

necessary. This highlights the standard required to pursue an indictment against a medical practitioner.

3

In *Kim*, 298 F.3d 746 the indictment clearly and plainly speaks to the defendant's subjective belief. The indictment alleges that the defendant, a pharmacist, had the belief that the medication he distributed was for the manufacturing of methamphetamine, which is clearly not a protected distribution of a controlled substance. This type of accusation should not be difficult to provide in a criminal indictment. In fact, it is required by *King,* 587 F.2d 956 and *Ruan*. Despite this, the Government's indictment completely fails to specify any aspect of Dr. Wells' subjective belief when prescribing, but also completely fails to specify what particular action or lack thereof of Dr. Wells' transformed routine medical work into criminal violations.

Additionally, *Kim,* 298 F.3d 746 and *King,* 587 F.2d 956 both support Dr. Wells' assertion that the indictment violates his rights to notice under the Fourteenth Amendment to the United States Constitution. In the almost six years that this case has been held against Dr. Wells, the government, despite every opportunity, has failed to state what actions Dr. Wells' undertook that constitutes over 30 violations of the CSA, or allege his subjective belief. As the indictment reads, the Government only alleges that Dr. Wells knowing and intentionally prescribed opiates. That much is uncontested. It also alleges that the prescriptions may fall outside of Dr. Wells' authorization. However, it does not specify or allege that Dr. Wells' had a subjective belief that his prescriptions were unauthorized, as required by *Ruan*. Without this part, this indictment is left without a crucial element necessary to put Dr. Wells on notice.

After *Ruan*, the standard is no longer "he acted outside of his authorization" as the indictment in *Kim,* 298 F.3d 746 states. *Ruan* has established the requirement that the doctor *knew* he acted outside of his authorization. While the Government's may be inclined to presume that Dr. Wells knew he acted outside of his authorization, they clearly fail to specify that crucial element of the indictment, which *King,* 587 F.2d 956 has determined to be grounds for dismissal. Additionally, Dr. Wells' is unable to discern any evidence in the discovery that

4

attempts to even allege any aspect of his subjective belief, and doubts that it even exists. As both *Kim,* 298 F.3d 746 and *King,* 587 F.2d 956 establish the necessity of including every element of the charge, and *Ruan* specifies an element that is not alleged in the indictment, there is a compelling need to dismiss reason to follow the holding in *King,* 587 F.2d 956 *and Kim,* 298 F.3d 746 and dismiss Dr. Wells' indictment.

## CONCLUSION

Having failed to prove the elements necessary for the Indictment, Dr. Wells respectively moves this court to dismiss this Indictment in full.

Wherefore,

Dated this 17th day of February, 2023.

/s/ *Christopher R. Oram*
Christopher R. Oram, Esq.
Nevada Bar No. 4349
520 S. Fourth Street, Second Floor
Las Vegas, NV 89101
*Attorney for Orlandis Wells, M.D.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2023, I served a true and correct copy of the foregoing document entitled **SUPPLEMENTAL MOTION TO DISMISS** to the United States Attorney's Office and all other parties associated with this case by electronic mail as follows:

STEPHEN MYHRE, ASSISTANT UNITED STATES ATTORNEY
steven.myhre@usdoj.gov

NADIA AHMED, ASSISTANT UNITED STATES ATTORNEY
Nadia.Ahmed2@usdoj.gov

By: /s/ Scott Reynolds Egnor
An employee of Christopher R. Oram, Esq.

6