JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
STEVEN W. MYHRE
Assistant United States Attorney
NADIA AHMED
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-5087
steven.myhre@usdoj.gov
nadia.ahmed2@usdoj.gov

*Attorneys for United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ORLANDIS WELLS,<br><br>Defendant. | Case No.: 2:19-cr-00216-ART-NJK<br><br>**GOVERNMENT'S SUPPLEMENT TO RESPONSE IN OPPOSITION TO DEFENDANT ORLANDIS WELLS' MOTION TO DISMISS ALL COUNTS OF THE INDICTMENT (ECF No. 85)** |

**Certification:** This pleading is timely filed.

The United States, by and through undersigned counsel, hereby submits for the Court's consideration this supplemental brief in regard to Defendant Orlandis Wells' Motion to Dismiss Indictment (ECF No. 85) (hereafter "Motion") pursuant to the Court's February 13, 2023, Minute Order (ECF No. 106).

## I.     INTRODUCTION

On December 1, 2022, Defendant Orlandis Wells filed his Motion to Dismiss All Counts of the Indictment. (ECF No. 85). The basis for this motion revolves around the Supreme Court's June 2022, decision in *Xiulu Ruan v. United States*, 142 S. Ct. 2370 (2022). Defendant's argument in relation to this case asserts that the Indictment fails to allege that Defendant knew his conduct

1

was unlawful subjectively and that because the case was recently decided the grand jury could not possibly have been presented with the correct elements of the offense.

The Court's minute order asks the parties to address two cases: *United States v. King*, 587 F.2d 956 (9th Cir. 1978) and *United States v. Kim*, 298 F.3d 746 (9th Cir. 2002), *amended*, 317 F.3d 917 (9th Cir. 2003) and specifically that a physician "could not be presumed to have acted beyond his authorization unless the indictment so alleged." Feb. 13, 2023, Minute Order (ECF No. 106), citing *Kim*, 298 F.3d at 750.

## II.   ARGUMENT

The Indictment in this case charges Wells with 32 counts of unlawful distribution of a controlled substance, each count in violation of Title 21, United States Code, Section 841(a)(1), and Title 21, Code of Federal Regulations, Section 1306.04. (ECF No. 1).

Title 21, United States Code, Section 841(a)(1) provides:

> (a) Unlawful acts
>
> *Except as authorized* by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

21 U.S.C. § 841(a)(1) (2020) (emphasis added).

Title 21, Code of Federal Regulations, Section 1306.04 provides:

> (a) A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.

21 C.F.R. § 1306.04(a) (2021).

The Supreme Court in *Ruan* noted that "as provided by regulation, *a prescription is only authorized* when a doctor issues it 'for a legitimate medical purpose … acting in the usual course of his professional practice.'" *Ruan*, 142 S.Ct. at 2375, quoting 21 C.F.R. § 1306.04(a) (2021).

2

The substantive holding in *Ruan* did not discuss the requisite charging language in an indictment but rather whether the government must prove at trial the defendant knowingly acted without authorization. *Id.* However, the majority in *Ruan* noted that Section 885 of the Controlled Substances Act specifically provides that the government need not negative an exception in an indictment. The *Ruan* Court states on this point, "Section 885 says that the Government need not 'negative'—i.e., refute—'any exemption or exception ... in any complaint, information, indictment, or other pleading.' This means that, in a prosecution under the Controlled Substances Act, the Government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment."[1] *Id.* at 2379.

Prior to the Supreme Court's ruling in *Ruan*, however, the Ninth Circuit held "that the lack of authorization to distribute or dispense controlled substances [is] an essential element of the offense." *See United States v. Davis*, 564 F.2d 840, 845 (9th Cir. 1977). In *United States v. King*, the Ninth Circuit thus overturned a conspiracy to distribute conviction against physician Stanley Deal where "Deal moved to dismiss the indictment because of its failure to allege that Deal distributed cocaine without 'a legitimate medical purpose . . . in the usual course of his professional practice.'" The indictment charged only generally that Deal conspired with intent to distribute cocaine. It did not include language specifically indicating that he was a physician or that he lacked authorization, or, as the Ninth Circuit put it, "that Deal acted outside the scope of the medical exception." *King*, 587 F.2d at 963.

---

[1]  Title 21, United States Code, Section 885 provides:

**(a) Exemptions and exceptions; presumption in simple possession offenses**

(1)It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this subchapter, and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit.

3

In *United States v. Kim*, the Ninth Circuit reversed the district court's dismissal of the indictment against two pharmacists charged with dispensing controlled substances unlawfully. 298 F.3d at 750. The Court in *Kim* noted that *King* "holds that [a defendant] could not be presumed to have acted beyond his authorization unless the indictment so alleged." *Id*. However, the Court in *Kim* ultimately determined that, unlike the indictment in *King*, the indictments at issue in *Kim* satisfied the "lack of authorization" pleading requirement, stating:

> Unlike the indictment in King, the indictment in Stoll did inform the defendant that he was charged with possessing pseudoephedrine that he knew would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(2). *The pharmacist's authorization was to sell pseudoephedrine for "legitimate medical use.* 21 U.S.C. § 802(46)(B). The indictment informed Stoll that the government charged him with criminal conduct not covered by the exception. Kim was similarly charged with distributing pseudoephedrine with reason to know that it would be used to make methamphetamine in violation of 21 U.S.C. § 841(d)(2). The elements of the crime in each case were sufficiently set forth.

*Id.* (Internal quotation marks omitted) (emphasis added).

In response to the Defendant's Motion to Dismiss, the government in its Opposition noted that *Ruan* imposes no requirement to plead defendant's lack of authorization. However, as this Court implicitly recognizes in its February 13, 2023, Minute Order, the Ninth Circuit has previously placed such a requirement upon an indictment alleging unlawful distribution against a healthcare professional. To the extent there is any tension between the Supreme Court's ruling in *Ruan* and the Ninth Circuit's precedent, as discussed in *King* and *Kim*, such issue does not impact the sufficiency of the indictment against Defendant Wells.

The Indictment sufficiently alleges that Wells distributed the controlled substances "without authorization" multiple times and in relation to each count. Specifically, the indictment alleges generally that:

> 8. Title 21, Code of Federal Regulations, Section 1306.04 provides that in order for a prescription for a controlled substance to be valid, it "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."

4

> 9. A prescription for a controlled substance issued without a legitimate medical purpose or outside of the individual practitioner's usual course of his professional practice is not a valid prescription, and the person who issues the prescription violates Title 21, United States Code, Section 841(a)(1).

ECF No. 1 at ¶¶ 8-9. This language is then realleged and incorporated with respect to every count in the indictment. *See id.* at ¶¶ 10, 12, 14.

Moreover, the indictment separately alleges with respect to each count that the Defendant distributed the charged controlled substances "without a legitimate medical purpose and outside the usual course of professional practice." ECF No. 1 at ¶¶ 11, 13, 15.

The Ninth Circuit's discussion of the indictments in both *King* and *Kim* indicate that inclusion of language alleging that the defendant acted without a legitimate medical purpose and outside the usual course of professional practice is sufficient to charge the "lacking authorization" requirement. *King*, 587 F.2d at 963 (noting Deal moved to dismiss the indictment "because of its failure to allege that Deal distributed cocaine without 'a legitimate medical purpose . . . in the usual course of his professional practice[,]'" and holding that "The most liberal reading of the indictment does not reflect an allegation that Deal *acted outside of the scope of the medical exception*."). (alterations and emphasis added); *Kim*, 298 F.3d at 750 (noting that the indictment did inform the defendants that they were being charged with conduct "not covered by the exception," that is, not for a "legitimate medical use"); *see also United States v. Boettjer*, 569 F.2d 1078, 1080 (9th Cir. 1978), ("In order for a prescription for any controlled substance to be effective it 'must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.' 21 C.F.R. s 1306.04(a). It is well established that prescriptions not satisfying the requirements of this regulation, if knowingly or intentionally issued, may form the predicate for a practitioner's criminal liability under 21 U.S.C. s 841. . . It is also established that registered physicians are not immune from prosecution under 21 U.S.C. s 841 when their

activities fall outside the usual course of professional practice.") (citations omitted).  These holdings, moreover, are harmonious with the Supreme Court's discussion of charging in *Ruan*. *Ruan*, 142 S. Ct. at 2375; *see also United States v. Spayd*, No. 3:19-cr-0011-JMK-MMS-1, 2022 WL 4220192, at *3 (D. Alaska Sept. 13, 2022) ("By mirroring the applicable regulatory language, which defines authorization under § 841(a), and alleging that [defendant] intended to act in a manner contrary to that regulation, the indictment sufficiently alleges a violation of § 841(a) after *Ruan*."

       The Ninth Circuit's related holdings regarding what must be proven by the government in a distribution by physician prosecution further establish that distribution "without medical necessity" and "outside the usual course of professional practice" is what demonstrates that the defendant "lacked authorization." The Ninth Circuit has consistently held that to convict such a defendant, the government must show: "(1) that the practitioner distributed controlled substances, (2) that the distribution of those controlled substances was outside the usual course of professional practice and without a legitimate medical purpose, and (3) that the practitioner acted with intent to distribute the drugs *and with intent to distribute them outside the course of professional practice*."  *United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006) (emphasis in original).  The Ninth Circuit's articulation of the elements is entirely consistent with the Supreme Court's decision in *Ruan* and demonstrates that where a defendant is charged with knowingly and willfully distributing a controlled substance without medical necessity and outside the usual course of professional practice such indictment has pled all essential elements of the offense.

       Accordingly, the Indictment here complies with the Ninth Circuit's rulings in *King* and *Kim*, as it clearly places Defendant Wells on notice that the basis for the charges is his lack of authorization to distribute the controlled substances because he knowingly and willfully prescribed them without medical necessity and outside the usual course of professional practice.

6

### III. CONCLUSION

In sum, the Ninth Circuit's holding in *King*, as acknowledged in *Kim*, indicates that an indictment must allege lack of authorization when the defendant is a physician accused of distributing controlled substances. The Supreme Court's recent decision in *Ruan* embraced Section 885's provision that an exception need not be alleged in an indictment, and as such appears to cut against the Ninth Circuit's rulings. However, this Court need not resolve any tension between *Ruan* and the Ninth Circuit's holdings in *King* and *Kim* in order to rule upon the instant motion. Here, consistent with the Ninth Circuit's precedent and also with *Ruan*, the Indictment against Defendant Wells asserts that Wells distributed controlled substances without authorization. Moreover, contrary to Defendant's argument, the Indictment sufficiently alleges defendant's mental state as to his lack of authorization by charging him with acting "knowingly and willfully" in distributing without medical necessity and outside the usual course of professional conduct.

WHEREFORE, the Government respectfully requests that the Court deny Defendant's Motion to Dismiss.

DATED: February 17, 2023

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

 */s/ Nadia Ahmed*
_____
STEVEN W. MYHRE
NADIA AHMED
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February 2023, the foregoing response was filed with the Clerk of the Court using the CM/ECF System, which will send notice and constitute service of such filing, to counsel of record for Defendant Wells.

*/s/ Nadia Ahmed*

NADIA AHMED
Assistant United States Attorney