1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00216-ART-NJK |
| Plaintiff, | ORDER |
| v. | |
| ORLANDIS WELLS, MD, | |
| Defendant. | |

Before the Court is Wells' motion to dismiss (ECF No. 85) and supplemental motions to dismiss (ECF No. 108) arguing that the Indictment fails to state an offense. For the reasons set forth below, Wells' motion is granted.

## I.    Procedural History

Dr. Wells, a Board-Certified Physician generally authorized to prescribe controlled substances to patients, was indicted on August 21, 2019, on thirty-two counts of violating 21 § U.S.C. 841(a)(1) and (b)(1)(C). (ECF No. 1.)

On December 1, 2022 (ECF No. 85), Wells filed a motion to dismiss. The government responded. (ECF No. 89.) Wells replied. (ECF No. 96.)

On February 17, 2023, Wells and the government filed supplemental briefing (ECF Nos. 108; 109) pursuant to the Court's Minute Order, which requested the parties address two Ninth Circuit cases. (ECF No. 106.)

The Court held an oral argument on February 24, 2023 (ECF No. 111). Following oral argument, the parties submitted additional supplemental briefing. (ECF Nos. 113; 114.) This order follows.

## II.    Legal Standard

A defendant may challenge the sufficiency of an indictment prior to trial for failure to state an offense. FED. R. CRIM. P. 12(b)(v). It is "axiomatic" that an indictment must set forth each and every element of the offense, including

implied, necessary elements, to adequately allege an offense against the United States. *See United States v. Davis*, 33 F.4th 1236, 1240 (9th Cir. 2022). "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Lopez*, 576 F. App'x 680, 681–82 (9th Cir. 2014) (quoting *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009)). "The failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979). This is true even when an indictment "tracks the language of a statute." *Id*. In the end, a person "cannot be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury." *Id*.

"The test for sufficiency of the indictment is 'not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.'" *Awad*, 551 F.3d at 935. When determining whether an indictment states a cognizable offense, courts are "bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017).

"[A]n indictment's complete failure to recite an essential element of the charged offense is . . . a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *see also United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020) (noting that an omission of an essential element is one "of at least two reasons why an indictment may fail to state an offense."). While "minor or technical deficiencies, even where the errors are related to an element of the offense charged . . . are amenable to harmless error review," a "completely missing essential element" renders an indictment constitutionally defective. *Du Bo*, 186 F.3d at 1180 (internal quotations and citations omitted).

### III.   Discussion

Wells challenges the sufficiency of the Indictment based on *Ruan v. United States*, 142 S. Ct. 2370 (2022), a case that was decided after Wells was indicted and altered what the Government must prove to convict a physician of violating 21 U.S.C. § 841(a)(1) and (b)(1)(C). Section 841 provides that "[e]xcept as authorized . . . it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance." [add citation] A prescription is "authorized" if it is "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his [or her] professional practice." 21 C.F.R. § 1306.04(a) (2021). In *Ruan,* the Supreme Court held that the knowingly or intentionally mens rea applies to "except as authorized" clause.

The Supreme Court's decision in *Ruan* altered what the Government must prove under § 841, but it is not clear whether *Ruan* changed what the Government must plead. This uncertainty stems from the fact that *Ruan* did not squarely find that § 841's "except as authorized" clause is an element of the offense. *Ruan*, 142 S. Ct. at 2380. One of the ways the Government and the concurrence in *Ruan* argued that the "except as authorized" clause differs from a traditional element stems from the operation of 21 U.S.C. § 885, which provides that the Government does not need to anticipate or foreclose affirmative defenses. Section 885 states, "[i]t shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any . . . indictment or other pleading or in any trial . . . ." Section 885 also establishes that "the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit." *Id.*

The government argued in *Ruan* that "except as authorized" is not an element because under § 885, the "government need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment." *Id.* at 2379. The Court noted that "Section 885 merely absolves the Government

of having to allege, in an indictment, the inapplicability of *every statutory exception* in each Controlled Substances Act prosecution." *Id.* at 2380 (emphasis added). The Court held that "even assuming that lack of authorization is unlike an element" for the purposes of § 885, "it is sufficiently like an element in respect to [scienter requirements] as to warrant similar treatment." *Id.* at 2379–80. The Court did not clarify how far this similar treatment extends. *See id.* at 2383 (Alito, J., concurring) ("How many other affirmative defenses might warrant similar treatment, the Court does not say. It leaves prosecutors, defense attorneys, and the lower courts in the dark.").

Since *Ruan* at least one district court has held that *Ruan* does require the Government to plead in the indictment that the defendant knowingly or intentionally acted in an unauthorized manner. *See United States v. Spayd*, 2022 WL 4220192 (D. Alaska Sept. 13, 2022); *but see United States v. Spivack, et al.*, No. CV 22-343, 2022 WL 4091669, at *1 n.1 (E.D. Pa. Sept. 6, 2022); U*nited States v. Siefert, et al.*, No. 2:21-cr-00002-DLB-CJS (E.D. Ky. Feb 24, 2021). The district court in *Spayd* concluded that the element added by *Ruan* was alleged in the superseding indictment, which alleged that Ms. Spayd, "while acting *and intending to act* outside the usual course of professional practice and without a legitimate medical purpose, wrote and dispensed prescriptions" for controlled substances. *Id.* at *3.

Before *Ruan,* the Ninth Circuit held that "except as authorized" is an element of the offense when a medical practitioner is criminally prosecuted under § 841.[1] In *United States v. King*, 587 F.2d 956 (9th Cir. 1978), the Court held that a controlled substance offense indictment against a medical practitioner must allege that the physician acted without authorization. *Id.* at 1548. *King* held that

---

[1] The district Court in *Spayd* appears to have reached its conclusion without considering, or at least discussing, the fact that the Ninth Circuit had already held that in the narrow circumstance of a medical professional charged with violating § 841, "except as authorized" is treated like an element for both indictment and trial purposes.

registered medical practitioners who dispense controlled substances cannot be presumed to do so unlawfully when the defendant is a physician duly registered with the Attorney General to dispense controlled substances. *Id.* at 1548. Such a presumption is irrational, and hence unconstitutional, the court explained in *King*, because it could not say with substantial assurance that the presumed fact of non-authorization is more likely than not to flow from the distribution by a practitioner. *Id.* The Ninth Circuit confirmed in *United States v. Kim* that the "except as authorized" element must be pled in an indictment when a doctor is indicted, as failing to do so deprives the defendant of notice. 298 F.3d 746, 750 (9th Cir.   2002) ("Assuming as we must that *King* is good law, its rationale applies to a physician charged with distributing an unknown quantity of a drug; the case holds that he could not be presumed to have acted beyond his authorization unless the indictment so alleged."). Nothing in *Ruan* calls into question that line of cases.

Because "except as authorized" is already an element in the Ninth Circuit, *Ruan's* holding requires that indictments of medical practitioners under § 841 allege that a medical practitioner "knowingly and intentionally" acted without authorization. This follows from the Ninth Circuit's holdings in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020), which addressed an analogous development in how the government was required to prove and indict the crime of felon in possession of a firearm. The federal statute in *Rehaif*, 18 U.S.C. § 922(g), provides that "[i]t shall be unlawful" for certain individuals to possess firearms and lists categories of individuals subject to the prohibition. A separate provision, § 924(a)(2), adds that anyone who "knowingly violates" the first provision shall be fined or imprisoned for up to 10 years. The Court held in *Rehaif* that to convict, the Government must show that the defendant knew he possessed a firearm and knew he had the relevant status when he possessed it. *Rehaif v. United States*, 139 S. Ct. 2191, 2194

(2019).

Following *Rehaif,* the court in *Qazi* required that indictments charge a defendant's knowledge of their prohibited status. The defendant in *Qazi* was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *Qazi*, 975 F.3d at 994. Before trial, Qazi filed a "Motion to Dismiss Indictment for Failure to State Offense". *Id.* The government opposed Qazi's motion, arguing that the indictment tracks the language of 18 U.S.C. 922(g), sets forth the elements of the offense and clearly apprises the defendant of the charge that he must defend against. *Id.* The magistrate judge agreed with the government and concluded: "Here, the indictment tracks the language of 18 U.S.C. 922(g), sets forth the elements of the offense. This is sufficient." *Id.* While Qazi's appeal was pending, the Supreme Court recognized for the first time that the defendant's knowledge of his felon status is a required element under Section 922(g). *Id.* (citing *Rehaif*, 139 S. Ct. at 2200). Qazi's indictment did not contain this element. The court in *Qazi* found that the indictment neither "track[ed] the language of 18 U.S.C. 922(g)" nor "set[] forth the elements of the offense," because it did not allege that he had knowledge of his felon status. *Qazi*, 975 F.3d at 994. The court explained, "When the Supreme Court interprets a criminal statute in a way that narrows the scope of criminal conduct, we view the statute as always having meant what the Supreme Court now says it does." *Id.* at n.3.

The Indictment here does not allege that Dr. Wells knowingly and intentionally acted in an unauthorized manner. Introductory allegation 1 states that, "With limited exceptions for medical professionals, the CSA (Controlled Substance Act) makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance." (ECF No. 1 at 2.) Introductory allegation 8 states in relevant part that, "in order for a prescription for a controlled substance to be valid, it 'must be for a legitimate medical purpose by an individual practitioner practicing in the usual course of

his professional practice. (*Id.* at 4.) Introductory allegation 9 states that, "a prescription for a controlled substance issued without a legitimate medical purpose or outside of the individual practitioner's usual course of practice is not a valid prescription and the person who issues the prescription violates Title 21, United States Code, Section 841(a)(1). (*Id.* at 4.) The substantive counts incorporate the introductory allegations and further allege that Dr. Wells "did knowingly and intentionally distribute a mixture and substance containing a detectable amount of Schedule II controlled substance . . . without a legitimate medical purpose and outside the usual course of professional practice." (*Id.*)

The Court does not find persuasive the government's argument that the indictment adequately includes the *mens rea* added by *Ruan*. The government's strongest argument is that a natural reading of the Indictment leads to the conclusion that the *Ruan*-added mens rea modifies the verb "distribution" and the clause "without a legitimate purpose and outside the usual course of professional practice." (ECF No. 109.) There are several shortcomings, however. The government's argument omits any analysis of introductory allegation 1, which applies the mens rea only to the verbs "manufacturing", "distributing", and "dispensing." It also ignores the circumstance that that as a matter of basic grammar, adverbs modify verbs, and thus "knowingly" and "intentionally" would not naturally modify the phrase "without a legitimate purpose and outside the usual course of professional practice". Notably, the concurrence in *Ruan* observed that, "As a matter of elementary syntax, the adverbs "knowingly" and "intentionally" are most naturally understood to modify the verbs that follow, i.e., "manufacture," "distribute," etc. . . ." *Ruan*, 142 S. Ct. at 2384 (Alito, J., concurring).

Construing the Indictment as a whole and "in accord with common sense and practicality," *United States v. Holden*, 806 F.3d 1227, 1233 (9th Cir. 2015) (quoting *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995)), the new

element that *Ruan* added was not included in the Indictment. The "knowingly and intentionally" mens rea clearly applies to the act of distribution but not to the language defining without authorization. The Indictment is therefore facially invalid. The government in another district reached the same conclusion and elected to dismiss a similar indictment based on *Ruan. See United States v. Kim*, No. CR-20-163-PRW (W.D. Okla. Jul. 29, 2022)("Based on this intervening Supreme Court ruling [citing *Ruan*], the United States has concluded that the Indictment is defective."). Here, the Indictment is defective because the *Ruan*-added mens rea, which is an element in the Ninth Circuit, is not sufficiently alleged.

## IV.   CONCLUSION

Absence of authorization, at least in the Ninth Circuit, is an element that must be alleged when indicting a medical practitioner under § 841. *Ruan's* holding thus requires that such indictments allege that a medical practitioner "knowingly and intentionally" acted without authorization. The indictment in this case, when read as a whole, fails to allege that Dr. Wells knowingly and intentionally acted without authorization. The Court thus dismisses the Indictment without prejudice.

IT IS THEREFORE ORDERED that the Defendant's motion to dismiss (ECF No. 85) and supplemental motion to dismiss (ECF No. 108) are GRANTED.

IT IS FURTHER ORDERED that the Defendant's motion to exclude (ECF No. 110) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the government's motion in limine (ECF No. 112) is DENIED AS MOOT.

DATED THIS 10th day of May 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE